STATE ex rel. PAUL, Relator, v. DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT, IN AND FOR LAKE COUNTY, ET AL., RESPONDENTS.

No. 9425.

Submitted May 18, 1954. Decided May 20, 1954.

270 Pac. (2d) 744.

Mr. Raymond F. Gray, Ronan, for relator.

Mr. Jean A. Turnage, County Attorney, Polson, for respondents.

Mr. Gray and Mr. Turnage argued orally.

MR. CHIEF JUSTICE ADAIR:

The relator, Moses Paul is an Indian and an enrolled and allottee member of the Flathead Indian Tribe residing within the Flathead Indian Reservation in the State of Montana.

By information filed December 14, 1953, in the district court of the fourth judicial district of the State of Montana, in and for the County of Lake, relator was accused of having committed a misdemeanor in failing to render assistance as driver of a motor vehicle which was involved in an accident resulting in injury to another.

By motion to quash the information, the accused relator challenged the jurisdiction of said district court to try him, urging that if the misdemeanor charged was committed, it was committed within the exterior boundaries of the Flathead Indian Reservation by relator, a Flathead Indian and that the State of Montana does not have jurisdiction of either the person of the accused or of the offense charged. The district court denied the motion to quash and set the case for trial before a jury.

Upon a complaint filed in the Tribal Court of the Confederated Salish and Kootenai Tribes of the Flathead Reservation, a warrant was issued and relator was arrested and taken before such tribal court with the Honorable Judge Eneas Granjo presiding, and there relator was tried and convicted of violating Sections 2 and 13 of the Tribal Code of Ordinances for the same act and offense charged in the information filed in the district court of Lake County and involving the same facts and parties.

Upon conviction the tribal court assessed a fine and jail sentence against relator, following which on relator's application here made, this court issued an alternative writ of prohibition and an order to show cause directed against the respondents, the

district court of Lake County and the Honorable Albert Besancon, a judge thereof returnable on a day certain.

Upon being served with the writ and order the respondents filed their written answer and return in this court representing that on May 7, 1954, the respondent district judge first learned that the relator had theretofore been brought to trial before the aforesaid judge of the tribal court of the Flathead Indian Reservation, and there adjudged guilty and sentenced as aforesaid and that on motion of the county attorney of Lake County, the charge and case against the relator was thereupon ordered dismissed and relator's bond exonerated. Respondents' answer and return further represents that there is no other action pending in the respondent court against the relator, and that there is no intention on the part of the county attorney to again file any information against relator for any cause heretofore existing.

At the time set for hearing the return on the alternative writ and order to show cause so issued, counsel for both relator and the respondents were in attendance upon this court and there conceded that the statement set forth in respondents' answer and return correctly represents the true facts and it appearing therefrom that the relator has obtained the relief sought and that there now exists no cause for the issuance by this court of any permanent writ of prohibition, it is ordered that the proceedings in this court be and they are dismissed.

MR. JUSTICES BOTTOMLY, FREEBOURN, ANGSTMAN and ANDERSON, concur.